# ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeals of -- )
)
Garco Construction, Inc. )    ASBCA Nos. 57796, 57888
)
Under Contract No. W912DW-06-C-0019 )

APPEARANCES FOR THE APPELLANT:    Steven D. Meacham, Esq.
John V. Leary, Esq.
  Peel Brimley, LLP
  Seattle, WA

APPEARANCES FOR THE GOVERNMENT:    Thomas H. Gourlay, Jr., Esq.
  Engineer Chief Trial Attorney
Francis X. Eugenio, Esq.
  Engineer Trial Attorney
  U.S. Army Engineer District, Seattle

## OPINION BY ADMINISTRATIVE JUDGE CLARKE
## ON APPELLANT'S MOTION FOR RECONSIDERATION

Garco Construction, Inc. (Garco), timely moves the Board to reconsider its 22 September 2015 decision denying Garco's appeals.[1] In order to succeed in a motion for reconsideration the moving party must demonstrate a compelling reason for the Board to modify its decision. We look to whether the party presents newly discovered evidence or whether there were mistakes in the decision's findings of fact or errors of law. Motions for reconsideration are not intended to provide a party with an opportunity to reargue issues previously raised and denied. *CI², Inc.*, ASBCA No. 56257, 15-1 BCA ¶ 35,829 at 175,194.

Garco presents two arguments in support of its motion, both suggesting errors of law. The first is essentially an argument that the Board's regulatory interpretation was erroneous. The language we interpreted was: "[a] 911 Dispatcher will run the employees name through the National Criminal Information Center system for a wants and warrants check. Unfavorable results will be scrutinized and eligibility will be determined on a case-by-case basis by the 341 SFG/CC." *Garco Construction, Inc.*, ASBCA Nos. 57796, 57888, 15-1 BCA ¶ 36,135 at 176,381. We concluded that

---

[1] Garco's motion caption references ASBCA Nos. 57796, 57888 and 57889. Our 22 September 2015 decision concerns only ASBCA Nos. 57796 and 57888. ASBCA No. 57889 was settled and dismissed with prejudice on 6 September 2012. We have no reason to believe Garco's reference of ASBCA No. 57889 was intentional.

although a literal reading of this language might support appellant's interpretation, the fact that no one with wants or warrants would be allowed to enter the base renders the rest of the language inconsistent with the regulatory scheme and leads to the "absurd" result that convicted felons not currently wanted by law enforcement would be allowed access to Malmstrom Air Force Base (MAFB). *Id.* at 176,382. Garco complains that the language does not notify it that individuals with "wants and warrants" would be detained (app. mot. at 1). Although Mr. Ward provided testimony to that effect, we consider it self-evident that an individual wanted by law enforcement would not be allowed entrance to MAFB. In its reply brief the Air Force argues that Garco's interpretation fails to take into consideration Space Wing Pamphlet 31-101 (15 October 2002) and Space Wing Pamphlet 31-103 (21 July 2005) "maintain the Base Commander's flexibility in granting base access" (gov't opp'n at 2). We agree. Garco raises nothing new in its reply brief to change our opinion.

We reject Garco's argument that "[a] reasonable and natural reading without bias would lead the reader, in this case JTC,[2] to interpret it to mean that not all individuals with a want or warrant would be immediately detained, but rather scrutinized and eligibility determined on a case by case basis" (app. mot. at 2). As we found in our decision, it is unreasonable to adopt an interpretation that would allow an individual currently wanted by law enforcement to be allowed access to MAFB. There was no error of law in our regulatory interpretation.

In its second argument Garco suggests that the Board should allow compensation for constructive acceleration (app. mot. at 3). In its opposition brief the Air Force argues that Garco cites to no clause or case that allows for monetary compensation for delay caused by a sovereign act (gov't opp'n at 3). It also points out that the contract was completed early (*id.*). In its reply brief Garco reiterates the argument made in its motion for reconsideration (app. reply at 2; app. mot. at 3-5).

In our decision, we recognized a contractor harmed by a sovereign act might be entitled to additional time but not compensation:

> It is true that Garco might have been able to specifically request additional time to perform as a result of the sovereign acts. *Troy Eagle Group*, ASBCA No. 56447, 13 BCA ¶ [35,258] at 173,060 ("Actions taken by the United States in its sovereign capacity shield the government from liability for financial claims resulting from those acts, although a contractor is allowed additional time to perform.") (citations omitted). However, even if appellant had a right to a time extension it does not provide

---

[2] James Talcott Construction, Inc. (JTC), was the subcontractor with a pass-through claim. *Garco*, 15-1 BCA ¶ 36,135 at 176,372.

it a path to entitlement to monetary damages resulting
directly from the sovereign act of limiting access to
MAFB.

*Garco*, 15-1 BCA ¶ 36,135 at 176,383-84. Garco relies upon *Dougherty Overseas, Inc.*, ENG BCA No. 2625, 68-2 BCA ¶ 7165 stating, with respect to that case that "the government's order to continue construction by whatever means possible despite difficulties imposed by a border closure was an acceleration order because at that time appellant would have been within its legal rights to suspend or pace its operations to adapt them to the situation in which it found itself with its supply line cut-off" (app. mot. at 4-5). Garco failed to mention that the "border closure" was Afghanistan closing its border with Pakistan, "[a]ppellant was well along in contract performance on 6 September 1961 when the Afghanistan Government decided for political reasons to close the border without notice." *Dougherty*, 68-2 BCA ¶ 7165 at 33,245. There was no sovereign act on the part of the United States involved in *Dougherty*.

Garco provided no support for its argument that it should be compensated for the harm caused by the sovereign act of enforcing entrance screening requirements at MAFB. We are unwilling to establish a new limit on the breadth of the sovereign act doctrine by agreeing with Garco that because it might be entitled to additional time and was not given any[3], it somehow avoids the provisions of the default clause and the doctrine. There was no error of law in our analysis of this argument.

## CONCLUSION

There being no errors of law in our decision, Garco's motion for reconsideration is denied.

Dated: 27 January 2016

CRAIG S. CLARKE
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

---

[3] While there is evidence that Garco notified the Air Force that it was delayed by the access restrictions (15-1 BCA ¶ 36,135 at 176,376, finding 19), there is no evidence in the record or argument in appellant's briefs that JTC asked for more time.

3

I concur

_____
MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

_____
RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals


I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 57796, 57888, Appeals of Garco Construction, Inc., rendered in conformance with the Board's Charter.

Dated:


_____
JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4